ALEXANDER RAYMOND *v.* MARIE W. RAYMOND.
[No. 8, October Term, 1930.]

*Decided November 13th, 1930.*

The cause was argued before Bond, C. J., Urner, Offutt, Digges, Parke, and Sloan, JJ.

*W. Melbourne Hart,* for the appellant.

Bond, C. J., delivered the opinion of the Court.

A husband, made respondent to a petition by his wife, or former wife, to strike out a decree of divorce *a vinculo matrimonii* previously granted to him on the ground of the wife's adultery, appeals from the overruling of his demurrer to the petition. It appears from the docket entries of the case that the divorce had been granted on January 29th, 1930, upon a bill filed by the husband, without contest by the wife, although she had been returned summoned. Her petition, filed March 10th, 1930, recites the fact of passage of the decree of divorce, avers that the testimony to adultery was false, that she "had no knowledge of any proceedings until after the decree was signed and that she was impressed by her husband that no bill was filed by him and that rumors thereof were untrue, and that further that he cohabitated with her and lived with her during these proceedings and she was first aware of these proceedings after they were granted through a friend, who informed her of the nature of it and the effect thereof." And there follows a general averment of fraud and deceit practiced upon the petitioner to procure the decree.

It is the opinion of this court that the respondent is entitled to more specific averments of the grounds of attack on the decree, if he desires them, before he is required to answer and proceed with testimony. If the wife's averment that she had no knowledge of the proceedings is meant to contradict the sheriff's return that she had been summoned, the contradiction should be stated explicitly. And if the service of the subpoena is not meant to be denied, then a more precise jus-

568

tification should be given for the failure to make her contest promptly after summons. The averment that she was "impressed" by her husband that no bill had been filed is not a sufficient averment of active deception and interference with a contest by the wife, if that is the meaning intended. The order will be reversed to the end that the demurrer may be sustained and the petitioner given leave to amend her averments.

*Order reversed and case remanded, the appellant to pay costs.*